NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE IRAEL ALVAREZ, | No. 18-15516 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00363-RCJ-WGC |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 19, 2021**
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,*** International Trade Judge.
Partial Concurrence and Partial Dissent by Judge BAKER.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Jose Alvarez appeals from the district court's order dismissing his petition for a writ of habeas corpus. He argues that the district court incorrectly concluded that certain claims raised in his untimely second amended petition did not relate back to his original, timely petition. We reverse and remand.

The district court found that Claims 2, 4, and 5 in Alvarez's amended petition did not relate back to his original petition because the original petition did not contain sufficient operative facts to support relation back. Alvarez attached to his original petition twelve documents related to his direct appeal and state habeas petition, and he argued that these exhibits supplied the facts necessary to support the grounds for relief asserted in the original petition. But the district court ruled that these exhibits were not part of the petition for purposes of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts because Alvarez merely attached the documents and did not specifically refer to them in the petition itself.

When the district court issued its order, it did not have the benefit of this court's decision in *Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020) (en banc). There, we held that "[i]f a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Id.* at 1167. We

explained that Habeas Rule 2(c) establishes only a pleading standard for habeas petitions and that the more generous standards for relation back in Federal Rule of Civil Procedure 15(c)(1)(B) can be satisfied by attaching an exhibit that sets out the underlying facts. *Id.* at 1170.

The State attempts to distinguish *Ross* by pointing out that the petitioner in that case filed an affidavit with his original petition stating that the attached exhibits were incorporated by reference, while Alvarez did not make any explicit statement of incorporation. But there is no suggestion in *Ross* that a formal statement incorporating exhibits by reference is required. *Ross* did not rely on the petitioner's affidavit in holding that attached documents can provide the facts necessary to support relation back, and we explicitly rejected the argument that a petitioner must make "clear and repeated references" to an exhibit for it to be part of a petition. *Id.* at 1169. Thus, the documents attached to Alvarez's original petition can supply the facts necessary for relation back.

When the attached exhibits are considered part of Alvarez's original petition, it is clear that Claims 2, 4, and 5 of the amended petition relate back to claims in the original petition.[1] The central question in this analysis is "whether the amended and original petitions share a common core of operative facts, as those

---

[1] We therefore need not consider whether, without the exhibits, amended Claims 2, 4, and 5 would nonetheless relate back because they assert the same grounds for relief set forth in the original petition. *See Ross*, 950 F.3d at 1167 n.4.

facts are laid out in the amended petition and attempted to be set out in the original petition." *Id.* at 1168 (internal quotation marks omitted).

First, Claim 2 of the second amended petition asserts that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to the four counts of allowing a child to be present during the commission of drug-related offenses. This legal claim is contained in Ground 3 of the original petition, which alleged violation of Alvarez's right to "effective counsel on appeal" as a result of "appellate counsel Martin Crowley failing to raise the issue of the insufficiency of the evidence . . . relative to [the same four counts]." The facts underlying amended Claim 2 are set forth in Alvarez's state habeas corpus appellate brief, which addressed the same issue and was attached to the original petition.

Second, amended Claim 4 asserts that trial counsel was ineffective for failing to move for the suppression of evidence based on the alleged invalidity of an anticipatory warrant. Ground 1 of the original petition claimed that Alvarez's rights were violated by trial counsel's "failure to file a single motion to suppress evidence based on the . . . [invalid] warrant." Alvarez raised this same claim in his state habeas petition, and the operative facts are described in the Nevada district court's order denying that petition, which was also attached to the original federal petition.

Finally, amended Claim 5 asserts that trial counsel was ineffective for failing to object to inappropriate statements made by the prosecutor during closing arguments, including statements allegedly suggesting that the prosecutor had personal knowledge of the investigation. In Ground 2 of the original petition, Alvarez claimed that trial counsel was ineffective for not moving to disqualify the prosecutor "for being involved in the investigation" and offering "indirect testimony in petitioner's closing arguments." The details supporting this claim are also contained in the Nevada district court order attached to the original petition.

Claims 2, 4, and 5 of the second amended petition all share a common core of operative facts with claims that Alvarez attempted to set out in his original petition. These claims relate back to the original petition and are therefore timely.

**REVERSED and REMANDED.**

FILED

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAKER, Judge, concurring in part and dissenting in part:

I join the Court's memorandum disposition insofar as it reverses the district court based on our intervening decision in *Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020) (en banc). I respectfully dissent, however, from reaching out to *also* decide whether, when the exhibits attached to Mr. Alvarez's original petition are considered part of that petition as *Ross* requires, Claims 2, 4, and 5 of the amended petition relate back to claims in his original petition.

Although presumably we have the discretion to decide whether the claims relate back, I would instead follow the example set by *Ross*, which—rather than deciding the identical question in the first instance—remanded to the district court to make that determination, save for one claim that we discussed to illustrate application of the legal framework announced in that decision. *See id.* at 1173–74; *see also id*. at 1168 (applying *Ross*'s framework to the "obvious *example*" of one claim in Mr. Ross's amended petition) (emphasis added).

If deciding the relation-back question allowed us to avoid further district court proceedings altogether by resolving the case, my conclusion might differ, but because we are remanding to the district court to consider the merits of Mr. Alvarez's petition regardless, any marginal judicial economy gains from our deciding that issue now are outweighed by our encroachment upon the principle,

recognized in *Ross*, that courts of appeals generally do not decide in the first instance questions otherwise reserved for trial courts.